HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUILD MORTGAGE COMPANY LLC, | CASE NO. 3:23-cv-01955-RAJ |
| Plaintiff, | **ORDER** |
| v. | |
| CHRISTOPHER FLOWERS, CORY FLYNN, and LISA JOLLIFFE | |
| Defendants. | |

## I.  INTRODUCTION

THIS MATTER is before the Court on a Motion to Confirm Arbitration Award filed by Plaintiff Guild Mortgage Company ("Plaintiff" or "Guild").  Dkt. # 22. Defendants Christopher Flowers, Cory Flynn, and Lisa Jolliffe ("Defendants") are former employees of Guild.  Defendants filed a Cross-Motion to Vacate Arbitration Award (Dkt. #8) and Motion to Stay (Dkt. # 16).  Guild requested oral argument, but the Court finds it unnecessary.  The Court has considered the pending motions, supplemental briefing, the applicable law, and the balance of the record.  For the reasons set forth below, the Court **GRANTS** the Motion to Stay and **DENIES** the remaining motions as moot.

ORDER - 1

## II. BACKGROUND

This matter arises out circumstances in which Defendants left their positions at Guild's Kirkland, Washington branch to join a competitor company, CrossCountry Mortgage, LLC ("CCM"). As discussed below, the parties arbitrated the matter; now they dispute the arbitrator's findings and the appropriate court to confirm or vacate the arbitration award.

After Defendants left Plaintiff's employ, Guild filed a Demand for Arbitration and Statement of Claim against Defendants with JAMS, an alternative dispute resolution organization. *Guild Mortgage Company, LLC v. Christopher "Jordan" Flowers, et al.*, JAMS Ref. No. 10038185 ("Guild Arbitration"). There, Guild asserted claims for Breach of Contract, Breach of Fiduciary Duties, Violation of California Penal Code Section 502 ("Section 502"), Conversion, Fraud, Unfair Competition, Tortious Interference with Contract, Tortious Interference with Prospective Economic Advantage, and Unjust Enrichment. *See* Dkt. # 1-2 at 1-2. The parties engaged in a nearly two-year arbitration process which included fact and expert discovery, pre-hearing briefing, and a six-day evidentiary hearing held in Seattle, Washington. *See id.* at 2-4.

Guild also filed a lawsuit against CCM for the role it played in the recruitment of the employees and use of Guild's information. *Guild Mtg. Co. v. CrossCountry Mtg.*, No. 37-2022-00051488-CU-BT-CTL (San Diego Sup. Ct.) ("CCM litigation"). In the CCM litigation, Guild asserted claims for Unfair Competition, Intentional Interference with Prospective Economic Advantage, Negligent Interference with Prospective Economic Advantage, Tortious Interference with Contract, and Violation of Section 502. *See* Dkt. # 17, Ex. 2. On February 21, 2024, the San Diego Superior Court dismissed Guild's complaint against CCM as preempted by the California Uniform Trade Secrets Act ("CUTSA"). *See id.* at Ex. 4. On April 10, 2024, Guild filed a writ in the California

Court of Appeals, challenging the dismissal and asking the court whether CUTSA "supersedes and thus bars civil actions under California Penal Code [S]ection 502 based on the unauthorized taking, copying, or using data from a computer system." Dkt. # 40, Ex. 1. On May 5, 2024, the California Court of Appeal summarily denied the petition. *See id*. at Ex. 4. On August 8, 2024, the San Diego Superior Court issued a tentative ruling dismissing the matter as to all parties with prejudice. *See id*. at Ex. 5.

The Guild Arbitration was still pending when the San Diego Superior Court first dismissed Guild's complaint against CCM as preempted by CUTSA. Given the court's ruling in the CCM litigation, the arbitrator considered the state court's preemption ruling. *See* Dkt. # 1-2 at 4. In the final award issued on September 13, 2023, the arbitrator found that the state court's ruling did not have preclusive effect and CUTSA did not preempt Guild's claims against the former employees under Section 502. *See id*. at 23, 29-34, 36.

On December 19, 2023, Plaintiff Guild filed the Petition to Confirm Arbitration Award in the Western District of Washington. Dkt. # 1. Two days later, on December 21, 2023, Defendants filed the Cross-Petition to Vacate Arbitration Award. Dkt. # 8. In the petition, Defendants argue the Court should vacate the award because the arbitrator misapplied CUTSA when ruling in favor of Plaintiff. *See generally id*. On the same day, Defendants also filed a Petition to Vacate Arbitration Award in San Diego Superior Court in California ("California court"). *Flowers v. Guild Mtg. Co. LLC*, No. 37-2023-00055348-CU-PA-CTL (San Diego Sup. Ct.); *see* Dkt. # 17, Widman Dec. ¶ 5. On January 2, 2024, Plaintiff Guild moved to dismiss Defendants' petition in the California court. *See id*. The matter is still pending, with a hearing scheduled for December 20, 2024.[1]

---

[1] This information is not in the record. The Court includes this information from the joint correspondence of the parties sent on May 17, 2024 and June 27, 2024.

ORDER - 3

On February 22, 2024, in light of the concurrent proceedings in federal and state court, Defendants filed a Motion to Stay in the instant matter. Dkt. # 16. Defendants ask this Court to stay the federal proceedings pursuant to the *Colorado River* doctrine. The parties briefed and submitted supplemental briefing on this issue. In this Order, the Court addresses whether a stay under *Colorado River* is appropriate under the circumstances presented here.

### III.   LEGAL STANDARD

The *Colorado River* doctrine is "a form of deference to state court jurisdiction." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1137 (9th Cir. 1990); *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "*Colorado River* is not an abstention doctrine, though it shares the qualities of one." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021) (citation omitted). "Pursuant to *Colorado River*, in rare cases, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions . . . ." *Id*. (internal quotation marks omitted) (quoting *Colo. River*, 424 U.S. at 17).

In some cases, under *Colorado River*, the consideration of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," supports a federal court's decision to grant a stay pending the resolution of concurrent litigation in a different jurisdiction. *Colo River*, 424 U.S. at 817 (quotation omitted). As federal courts have a virtually unflagging obligation to exercise the jurisdiction give to them, "[o]nly the clearest of justifications will warrant" a stay. *State Water Res. Control Bd.*, 988 F.3d at 1202 (internal quotation marks omitted) (quoting *Colo. River*, 424 U.S. at 819).

The Ninth Circuit has listed eight factors courts may consider in determining whether a stay under *Colorado River* is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*State Water Res. Control Bd.*, 988 F.3d at 1203 (quoting *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011)). "These factors are not a 'mechanical checklist.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16). Rather, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* (internal quotation marks omitted) (quoting *Moses H. Cone*, 460 U.S. at 16). "Some factors may not apply in some cases, and, in some cases, a single factor may decide whether a stay is permissible." *Id.* (internal citations omitted).

### IV.  DISCUSSION

**A. Resolve All Issues**

Guild asks the Court to deny Defendants' Motion to Stay, arguing the California court cannot resolve all issues in this case because Plaintiff would be forced to return to Washington to enforce the judgment. Dkt. # 19 at 7-8. Defendants contend that all the issues can be resolved by the California court and the possibility of enforcement is irrelevant to the analysis under *Colorado River*. *See* Dkt. #16 at 10; Dkt. # 21 at 1-3.

If there is substantial doubt as to whether the foreign proceeding will resolve the entire federal action, there is no need to even undertake this multifactor analysis. *See*

*Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n.7 (9th Cir. 1993). The Supreme Court has stated:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

*Moses H. Cone*, 460 U.S. at 28; *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (declaring that a district court may enter a *Colorado River* stay only if it has "full confidence" that the parallel proceedings will end the litigation). Thus, "the existence of a substantial doubt as to whether the [other] proceedings will resolve the federal action precludes the granting of a stay." *Intel*, 12 F.3d at 913.

First, the Court must address whether the parallel state-court litigation is substantially similar that it could resolve all of the issues before this Court. The matters before this Court and the California court involve the same parties and issues. Defendants are correct that the substantive issues of whether to confirm or vacate the arbitration award is an identical issue before this Court and the California court. *See* Dkt. # 16 at 10. Here, the actions meet the "substantially similar" threshold because a judgment in the state-court action would dispose of all the federal-court claims.

Next, the Court addresses Plaintiff's argument that potential enforcement of a California judgment in Washington, raises substantial doubt that the state court will be able to resolve the substantive issues completely and promptly between the parties. Plaintiff cites to *Intel Corp. v. Advanced Micro Devices, Inc.*, in support of this argument. *See* Dkt. # 19 at 8. In that case, an action to confirm an arbitration award, the Ninth Circuit reversed a district court's stay under *Colorado River*. 12 F.3d at 913. The Ninth

ORDER - 6

Circuit found a stay inappropriate because if the state court vacated the arbitration award, then the case would have to return to federal court for further adjudication. *See id*. For this reason, the Ninth Circuit concluded there was substantial doubt that the concurrent state court proceedings would fully resolve the federal action, and thus, the Ninth Circuit concluded a stay was not warranted. *See id*.

This case is distinguishable from *Intel*. There, the Ninth Circuit found substantial doubt because the claims underlying the arbitration award were copyright claims. *See id*. Thus, if the state court vacated the arbitration award, a federal court would have to resolve the remaining issues because federal courts have exclusive jurisdiction over copyright claims. Here, there is no exclusive federal jurisdiction issue as federal and state courts have concurrent jurisdiction under the Federal Arbitration Act ("FAA"). *See Moses H. Cone*, 460 U.S. at 25 ("[F]ederal courts' jurisdiction to enforce the [FAA] is concurrent with that of the state courts."). Guild only asserted state law claims in this matter. *See* Dkt. # 1-2. Therefore, the California court could confirm or vacate the arbitration award, and all the claims and issues could be resolved in state court.

Furthermore, the Court is not persuaded that the matter of enforcement will implicate a court's ability to resolve all of the claims in this matter.[2] As stated earlier, the matters before this Court and the California court involve the same parties and issues. If the California court confirms the award, then a judgment entered in California is subject to the full faith and credit of the courts in Washington. *See* Wash. Rev. Code §§ 6.36.010(1), 6.36.025. The cases Plaintiff cites in support of this argument are distinguishable from the issue of potential enforcement. *See* Dkt. # 19 at 8.

---

[2] To think otherwise would force courts to decline exercising jurisdiction and grant a stay under *Colorado River* whenever defendant resided in a different state because litigants can raise the issue of enforcement in any case.

ORDER - 7

The Court concludes that a decision from this Court or the California court would resolve all the issues in this case. Therefore, this threshold factor has been satisfied and the Court finds it to be a neutral in the *Colorado River* analysis.

### B. Jurisdiction Over Property

Neither party asserts that there is jurisdiction over property in this case. *See* Dkt. # 16 at 12; Dkt. # 19 at 9. Accordingly, the Court finds that this factor is not applicable.

### C. Inconvenience of the Federal Forum

Defendants do not argue that the Western District of Washington is an inconvenient forum. *See* Dkt. # 16 at 12. Plaintiff asserts that Washington is the most convenient forum and should weigh in favor of denying the stay "because Defendants reside in Washington and have repeatedly asserted that Washington is the most convenient forum to them." *See* Dkt. # 19 at 8.

Generally, if each court is equally convenient, courts find this factor neutral or weighing against a stay. *See Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1167 (9th Cir. 2017) (finding this factor neutral where party disputing convenience acknowledged neither forum had a significant advantage as to convenience). Here, the parties do not meaningfully dispute the convenience or inconvenience of Washington State as a forum for resolving this matter. Accordingly, the Court finds the inconvenience of the federal forum is a neutral factor.

### D. Piecemeal Litigation

Defendants argue a stay is appropriate because "both courts are being asked to decide whether the arbitration award should be confirmed or vacated." Dkt. # 16 at 12. Plaintiff asserts this factor favors denying a stay, reiterating the argument that if the California action proceeds to judgment, Guild will still have to domesticate and enforce the judgment in Washington. *See* Dkt. # 19 at 9.

In *Colorado River*, the "paramount" consideration was the danger of piecemeal litigation. *See Moses H. Cone*, 460 U.S. at 19. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. St. & Co. Inc.*, 656 F.3d at 979 (internal quotation marks and citations omitted). Parallel petitions to vacate and confirm arbitration awards in federal and state court can create piecemeal litigation because "two different courts [decide] the same issues independently" which raises "a real possibility of inconsistent judgments." *NitGen Co. v. SecuGen Corp.*, No. 04-cv-02912, 2004 WL 2303929, at *5 (N.D. Cal. Oct. 12, 2004); *see, e.g., Scottsdale Ins. Co. v. Parmerlee*, No. 19-mc-80298, 2020 WL 1332146, at *5 (N.D. Cal. Mar. 23, 2020) (finding parallel petitions to confirm and vacate an arbitration award created "a significant risk of duplication of effort . . . weigh[ing] heavily in favor of deferring to the state court"); *Hinman v. Fujitsu Software Corp.*, No. 05-cv-03509, 2006 WL 358073, at *3 (N.D. Cal. Feb. 13, 2006) (finding desirability of avoiding piecemeal litigation weighed in favor of granting a stay where the parallel litigation concerned whether the arbitration award should be confirmed or vacated).

The risks of duplicative efforts and inconsistent judgments are present in this matter. The parallel petitions to confirm and vacate the arbitration award pending in the California court and this Court are very similar to the circumstances in *NitGen*, *Parmerlee*, and *Hinman*. The Court acknowledges that the California court has not yet ruled in the parallel Guild Arbitration matter but finds this does not alleviate the danger of piecemeal litigation in this case.

The related CCM litigation pending in California heightens risks of duplicative efforts and inconsistent judgments in this matter. The Court observes that the California CCM litigation involves, as Plaintiff characterizes, "differently situated" parties than the

parties in the instant matter. Dkt. 19 at 2. However, the Court would be remiss if it ignored that, "CUTSA preemption of a Section 502 claim based on Defendants' alleged taking of confidential information[,]" the central dispute of this arbitration award, "has also been litigated in the same state court in which the parallel petitions to vacate and confirm have been filed, that issue has already been presented to the state appellate court once, and it will soon be decided in the context of a forthcoming appeal." Dkt. # 39 at 4-5. California courts have already dedicated considerable judicial resources to review the same underlying set of facts under the same law and will continue to do so as the CCM matter is appealed.

The parallel petitions regarding the arbitration award in this matter alone are enough to create a danger of piecemeal litigation. The judicial resources already expended by California courts in adjudicating the CCM litigation magnifies this risk. Accordingly, the Court finds that the desirability of avoiding piecemeal litigation weighs heavily in favor of granting a stay in this matter.

### E. Order in Which the Forums Obtained Jurisdiction

Defendant argues a stay is appropriate because the California case is more advanced, despite it being the later-filed case. *See* Dkt. # 16 at 11. Plaintiff argues that the Court should deny the motion to stay because this case was filed first, and the cases are equally developed. *See* Dkt. # 19 at 8-9.

Under *Colorado River*, courts consider the order in which jurisdiction was obtained. Priority "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21; *see Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (finding that this factor weighed in favor of granting a stay where the state suit was initiated over three years earlier and had progressed "far beyond" the federal case).

ORDER - 10

This Court obtained jurisdiction only slightly before the California court. After the briefing concluded in this matter, the parties informed this Court that the state court briefing was completed, and a hearing was set for June 7, 2024.[3] Later, the parties in this case informed this Court that the California matter was reassigned and the hearing was rescheduled for December 20, 2024.[4] As this Court obtained jurisdiction just slightly before the state court and the proceedings are equally far along at this point, this factor is neutral.

**F. Federal Law or State Law**

Defendants assert the Court should grant a stay in this matter, arguing the California court should vacate or confirm the award because Defendants' challenge pertains to preemption under a California statute. *See* Dkt. # 16 at 6-9. Specifically, Defendants assert that California has a strong public policy interest in the enforceability of restrictive covenants for employees. Dkt. # 16 at 8. Plaintiff argues that a stay is inappropriate because this Court may confirm or vacate the arbitration award pursuant to federal law, under the FAA. *See* Dkt. #19 at 9-11.

The presence of federal or state law issues is a major consideration under the *Colorado River* doctrine. *See Travelers*, 914 F.2d at 1370. The presence of state law issues weighs in favor of a staying federal proceedings "only in some rare circumstances." *Id*. (quote and citation omitted); *accord Moses H. Cone*, 460 U.S. at 26. Rare circumstances are not present when the state law issues are "routine" matters that the federal court is fully capable of deciding, such as misrepresentation, breach of fiduciary duty, and breach of contract. *See Travelers*, 914 F.2d at 1370. When "state

---

[3] This information is not in the record. The Court includes this information from the joint correspondence of the parties sent on April 11, 2024.
[4] This information is not in the record. The Court includes this information from the joint correspondence of the parties sent on May 17, 2024 and June 27, 2024.

ORDER - 11

and federal courts have concurrent jurisdiction over a claim, this factor becomes less significant." *Nakash*, 882 F.2d at 1416 (citation omitted).

Courts have indicated a stay is appropriate in matters where state law provides "the most important rule of decision." *Jolly v. Intuit Inc.*, 485 F. Supp. 3d 1191, 1204 (N.D. Cal. 2020). Courts in the Ninth Circuit typically find this factor weighs in favor of a stay where the parallel state court litigation involves legal issues arising under the FAA. *See, e.g.*, *Jolly*, 485 F. Supp. 3d at 1204 (weighing factor in favor of granting a stay in a matter seeking to compel arbitration where the arbitration agreement was to be interpreted pursuant to California law); *Parmerlee*, 2020 WL 1332146, at *5 (finding factor weighed in favor of granting a stay where "the claims at issue in the arbitration [were] state law claims for breach of insurance contract and bad faith"); *Hinman*, 2006 WL 358073, at *3 (finding state law predominated and favored granting a stay where the petition to vacate an arbitration award primarily raised California law issues); *NitGen Co.*, 2004 WL 2303929, at *6 (granting a stay and finding state law predominated, despite the petitioner's First Amendment challenge to the arbitration award, where the parties agreed to be bound by California law in the arbitration agreement); *cf. Rd. Runner Sports, Inc. v. McCoy*, No. 20-cv-1539, 2021 WL 3439421, at *4 (S.D. Cal. June 2, 2021) (finding federal law predominated and weighed against granting a stay where petition to vacate argued the arbitration award violated United State Supreme Court authority).

Here, the legal issue arises under the FAA, which state and federal courts concurrent jurisdiction. *See Moses H. Cone*, 460 U.S. at 25. Defendants' challenge to the arbitration award raises a preemption issue that is not "routine," and instead concerns a state law issue that "state courts are in a better position to decide than federal courts." *High Sierra Holistics, LLC v. Dep't of Tax'n*, No. 19-cv-270, 2020 WL 8838245, at *4 (D. Nev. June 30, 2020); *see also Travelers*, 914 F.2d at 1370; *see, e.g.*, *Montanore*

*Minerals Corp.*, 867 F.3d at 1168-69 (finding "rare circumstances" weighed in favor of a stay because the legal issues in the case went "beyond what we have identified as routine state law issues"); *Morisada Corp. v. Beidas*, 939 F.Supp. 732, 740 (D. Haw. 1995) (finding claims asserted under Hawaii's Trade Secrets Act weighed in favor of a stay). Accordingly, the Court finds California state law will predominate and provide the most important rule of decision in the review of the arbitration award. Therefore, this factor weighs in favor of granting a stay in this matter.

### G. State Court Proceedings Can Adequately Protect the Rights of the Litigants

Defendants argue this factor favors a stay because Guild is a California citizen and "California courts are best equipped to deal with the issues of California law and policy that are at stake in the petitions to confirm and vacate." Dkt. # 16 at 10-11. Plaintiff argues that the state proceedings would be inadequate because Guild would have to return to Washington to domesticate the judgment. Dkt. # 19 at 11.

For the adequacy factor, the Ninth Circuit looks "to whether the state court might be unable to enforce federal rights." *Seneca Ins. Co., Inc. v. Strange Land, Inc*., 862 F.3d 835, 845 (9th Cir. 2017). "A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." *R.R. St. & Co*., 656 F.3d at 981. This factor does not evaluate the competency of the state judiciary, but instead considers whether the state court lacks power to provide the remedy the plaintiff seeks. *See Moses H. Cone*, 460 U.S. at 26-27.

The California court will be able to enforce federal rights and protect the rights of the federal litigants in this matter. As discussed in Section IV.F. *supra*, state and federal courts have concurrent jurisdiction under the FAA to resolve and provide a remedy in this matter. Plaintiff's argument that it will have to seek relief in Washington to domesticate and enforce a judgment is unavailing. For the same reasons discussed in

Section IV.A. *supra*, the potential issue of enforcement does not implicate a court's ability to resolve all the issues or impair the rights of the parties. Therefore, the Court finds this factor is neutral.

**H. Forum Shopping**

Defendants maintain that Plaintiff engaged in forum shopping by filing the Petition to Confirm Arbitration Award in the Western District of Washington. *See* Dkt. # 16 at 9-10; Dkt. # 21 at 6. Defendants assert Guild chose Washington as a forum to avoid an adverse ruling on CUTSA preemption, which Guild faced in the CCM litigation. *See* Dkt. # 16 at 9-10. Defendants also assert that Guild seeks to evade review of the arbitration award under the California Arbitration Act. *See id*. Plaintiff asserts Defendants forum shopped by petitioning to vacate the award in San Diego after Plaintiff filed the Petition to Confirm in federal court. *See* Dkt. # 16 at 11-12. Further, Plaintiff asserts Defendants have used procedural tactics to advance the pace of the action pending in San Diego while slowing down the pace of this action. *See id*. at 1, 11-12.

"When evaluating forum shopping under *Colorado River*, [courts] consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." *Seneca Ins. Co.*, 862 F.3d at 846. The Ninth Circuit recently noted: "It typically does not constitute forum shopping where a party 'acted within his rights in filing a suit in the forum of his choice,' *Travelers*, 914 F.2d at 1371, even where '[t]he chronology of events suggests that both parties took a somewhat opportunistic approach to th[e] litigation,' *R.R. St. & Co.*, 656 F.3d at 981." *Id*.

In *Montanore*, the Ninth Circuit found that forum shopping concerns weighed in favor of a stay where a Plaintiff litigated a case in state court for six years and only filed in federal court shortly after receiving an adverse ruling from the state court. 867 F.3d

1160 at 1169-70.  Similarly, in *Nakash*, the Ninth Circuit found that forum shopping weighed in favor of a stay where the Plaintiff litigated in state court for three and a half years before bringing claims in federal court.  882 F.2d at 1417.

The parties' tactics in this matter does not arise to the conduct at issue in *Montanore* or *Nakash*.  Here, Plaintiff has demonstrated legitimate, non-forum shopping purposes for filing the action in this court, including streamlining the enforcement of judgment because Defendants reside in Washington.  Likewise, the Court is not convinced Defendants engaged in forum shopping by petitioning to vacate the arbitration award in the California court.  Both parties had legitimate, non-forum shopping purposes for filing the parallel actions in Washington and California.  Accordingly, the Court concludes the forum shopping factor is neutral.

**I.  Evaluation of All Factors**

In the Court's *Colorado River* analysis, no factors support denying the motion to stay and many factors are neutral.  The courts in Washington and California are equally convenient locations to resolve this dispute.  Although this Court had jurisdiction over the Guild Arbitration matter first, the parallel litigation is equally far along.[5]  The California court is capable and competent to resolve all the issues presented in this matter.  The parties' conduct in this matter has not implicated forum shopping concerns.

The Court finds that the unusual circumstances in this case make it appropriate to grant a stay under the *Colorado River* doctrine.  The main dispute in this matter is not a "routine" matter of state law.  Additionally, in matters arising under the FAA that implicate state law considerations, courts in the Ninth Circuit consistently defer to state courts when deciding to grant stays under *Colorado River*.[6]  The parallel petitions to

---

[5] The only analysis this Court has undertaken is contained in this Order.
[6] The Court observes that the supplemental briefing in this matter indicates that courts deny motions to stay where state law issues predominating are the only factor favoring a stay.  Dkts. # 39, 40.  However, this issue is not dispositive because other factors in this matter also weigh in favor of granting a stay.

confirm and vacate the award are sufficient to find the avoidance of piecemeal litigation factor favors granting a stay. The related CCM litigation adds weight to the piecemeal litigation factor because if this Court stepped in after substantial consideration from California courts, it could lead to inconsistent judgments, which is a central concern of the piecemeal litigation factor under *Colorado River*. After examining all the factors, the Court finds that the weight of the factors supports the decision to grant a stay in this matter.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Stay. Dkt. # 16. The Court stays the remaining motions (Dkts. # 8, 22) pending resolution of the state court action in the California court.

Dated this 29th day of August, 2024.

_____
The Honorable Richard A. Jones
United States District Judge